[No. 11900.   Department Two.   August 15, 1914.]

### NORTH COAST FIRE INSURANCE COMPANY, *Appellant*, v. LINCOLN COUNTY, *Respondent*.[1]

AGRICULTURE—NOXIOUS WEEDS—COST OF DESTRUCTION—NOTICE TO OWNER—TAXATION—STATUTES—CONSTRUCTION.   Rem. & Bal. Code, § 3040 as amended by Laws of 1911, p. 328, relating to the cutting of noxious weeds, and providing for notice to owners of land to destroy weeds growing thereon, or on the streets or highways bordering the land, and that in case such weeds are growing on the land of a non-resident of the state, such notice shall be made by posting in a conspicuous place on the land, implies a personal service of notice on resident owners, and county officers acquire no jurisdiction to levy a tax upon land of a resident owner for the cost of cutting weeds, under notice posted on the land after failure to learn the place of his residence.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered October 9, 1913, dismissing an action to set aside a tax, after a trial upon an agreed statement of facts.   Reversed.

*McBurney & O'Connor*, for appellant.

*James S. Freece* and *C. A. Pettijohn*, for respondent.

PARKER, J.—This is an action to cancel, and enjoin the collection of, a tax, levied upon land now owned by the plaintiff, in Lincoln county, to pay the cost of destroying noxious weeds growing thereon.   From a judgment of the superior court of that county denying the relief prayed for by the plaintiff, it has appealed to this court.

It is contended by counsel for appellant that the tax was unlawfully levied upon the land of which it is now the owner, and that the tax is void in that it was sought to make the cost of destroying noxious weeds a charge thereon without previous personal notice requiring the owner of the land to destroy such weeds, as prescribed by Rem. & Bal. Code, § 3040, as amended by Laws of 1911, ch. 60, p. 328.

[1]Reported in 142 Pac. 661.

During the whole of the year 1912, and for some time prior thereto, William E. Bergey was the owner of the land upon which the tax is sought to be levied. During all the time he was such owner, he was a resident of Spokane, in this state. On the 21st day of May, 1912, the road supervisor of the road district in Lincoln county, in which the land is situated, "posted notice for the destruction of noxious weeds upon the land, which was in all respects a good and sufficient notice to a nonresident landowner." No personal service of any such notice was ever made upon William E. Bergey, the then owner of the land. During the whole of the year 1912, the land was unoccupied, and William E. Bergey, the owner, had no agent in Lincoln county. The road supervisor did not know or learn of the place of residence of William E. Bergey, though he made due inquiry relative thereto, and posted the notice on the land, believing that William E. Bergey was not a resident of the state of Washington. Appellant became the owner of the land in the year 1913, after the levy of the tax thereon, through foreclosure of a mortgage upon the land, which had been executed by William E. Bergey's grantor. These are the agreed facts.

Section 3040, Rem. & Bal. Code, as amended by chapter 60, page 328, Laws of 1911, so far as necessary for us to notice its provisions, reads as follows:

"It shall be the duty of each road supervisor in each road district in this state to see that the provisions of this act are carried out within their respective districts, and he shall give notice to the owner, lessee, occupant, agent or person having the care or·charge of any land within his district whereon, or in any road, street or highway bordering thereon, any noxious weeds are growing, requiring such owner, lessee, occupant, agent or person having the care or charge thereof, to cause the same to be cut down within ten days from the service of such notice, and in case such owner, lessee, occupant, agent or person having the care or charge thereof shall refuse or neglect to cut down said noxious weeds within said ten days, then the said road supervisor shall enter upon the land, or on any road, street or highway bordering thereon, and cause all said weeds

to be cut down with as little damage to growing crops as may be: Provided, That when such noxious weeds are growing upon land or on any road, street or highway bordering thereon, of a non-resident of this state, and such owner has no known agent in the county in which such land is situate, said notice shall be posted in a conspicuous place on the land in view of the traveling public  .  .  ."

Other provisions of the law relate to levying of the cost of the destroying of the weeds by the road supervisor upon the land. In view of the plain language of this section, and the fact that William E. Bergey, the owner of the land at the time of the attempted charge of this tax upon it, was a resident of the state of Washington, it seems quite plain to us that he was, by the express terms of this statute, entitled to personal service of the notice therein required to be given owners of land, other than nonresident owners, before the county officers could lawfully levy upon the land a tax to pay the cost of destroying noxious weeds growing thereon. The notice which was given by the road supervisor was clearly only such a notice as may be given under the law to nonresident owners. Indeed, it was given upon the theory that William E. Bergey was a nonresident owner. It is true that the law is silent as to the manner of service of notice upon resident owners of land, but it seems to be elementary law that, when a statute requires notice to perform some duty imposed by law, as a condition precedent to charging a debt or penalty against a person because of failure of such performance, without any special provision as to the nature of the service, such notice must be served personally. In the text of 21 Am. & Eng. Ency. Law (2d ed.), 583, it is said:

"Where a statute requires the giving of notice and there is nothing in the context of the law or in the circumstances of the case to show that any other notice was intended, personal notice must always be given."

See, also, 29 Cyc. 1119. Some contention is made that, for the purpose of serving notice upon him, William E. Bergey should be regarded as a nonresident, in view of the road super-

visor's efforts to learn the place of his residence. The answer to this suggestion is that the statute does not provide, either directly or by inference, that an owner whose residence does not happen to be known to the road supervisor, or cannot, by due diligence, be ascertained by him, shall be subject to service of the notice as a nonresident owner. Such argument might be appropriately addressed to the policy of the law, but is of no force as determining what the law is, in the light of its plain provisions.

Considerable is said by counsel for respondent in their brief touching the question of the power of public officers to abate nuisances without any notice to the owners of land upon which such nuisances may be suffered to exist. There are nuisances of such a menacing character that they may be abated by public officers, even though private property rights be invaded by such abatement, without notice to those possessing such property rights. This, however, is not a question of the power of the state, acting through its duly constituted authorities, to abate a nuisance. It is a question of the exercise of the power of taxation to pay the cost of abating a nuisance, and the acquiring of jurisdiction by the county officers to levy such tax in the manner expressly provided by law. In so far as the levy of this tax is concerned, we are of the opinion that the county officers acquired no jurisdiction to levy it, because of want of notice required to be given to resident landowners. The power of the county officers to cause the destruction of the noxious weeds as a nuisance, with or without notice, is not here involved. We conclude that the judgment of the learned trial court must be reversed and the cause remanded, with directions to enter a judgment cancelling the tax and enjoining its collection.

It is so ordered.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.